Brian H. Gunn (SBN 192594)
bhgunn@wolfewyman.com
Joshua M. Bryan (SBN 225230)
jmbryan@wolfewyman.com
WOLFE & WYMAN LLP
980 9th Street, Suite 2350
Sacramento, California 95814
Telephone: (916) 912-4700
Facsimile: (916) 329-8905

Attorneys for Defendant
CITIMORTGAGE, INC.; FANNIE MAE and
SAFEGUARD PROPERTIES MANAGEMENT, LLC
(erroneously sued as "SAFEGUARD PROPERTIES, INC.")

UNITED STATE DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| GEORGE MARDIKIAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CITIMORTGAGE, INC., a business entity; SAFEGUARD PROPERTIES, INC., a business entity; FANNIE MAE, a governmental agency; and Does 1 through 100, inclusive,<br><br>Defendants. | Case No.:1:14-cv-00407-LJO-SKO<br><br>(Fresno County Superior Court Case No. 14CE CG 00475)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT**<br><br>[FRCP 12(b)(6)]<br><br>DATE: May 20, 2014<br>TIME: 8:30 A.M.<br>CTRM: 4<br><br>Action Filed:    February 18, 2014 |

I. **INTRODUCTION**

Defendants CITIMORTGAGE, INC. ("CMI"), FANNIE MAE ("Fannie Mae") and SAFEGUARD PROPERTIES MANAGEMENT, LLC ("Safeguard") (collectively "Defendants") hereby submit the following memorandum of points and authorities in support of their Motion to Dismiss the Complaint.

This action arises from Plaintiff George Mardikian's ("Plaintiff") claims that Defendants breached their contract with Plaintiff with regard to application of fire insurance proceeds to his

mortgage loan debt, that Defendants trespassed upon Plaintiff's property commonly known as 2417 East El Paso Avenue, Fresno, CA 93720 ("Property") and that Plaintiff should be entitled to enforcement of a prior small claims judgment. In this regard, Plaintiff has filed claims for breach of contract as to CMI and Fannie Mae, trespass as to CMI and Safeguard and enforcement of small claims judgment against CMI.

For the following reasons and as set forth more fully in this memorandum, however, Plaintiff's Complaint fails to state any claim against defendants.

First, Plaintiff's breach of contract claim is deficient because it fails to allege the existence of a contract or the terms that were allegedly breached, fails to allege privity of contract as between Plaintiff and CMI/Fannie Mae and fails to set forth facts reflecting damages or any causal connection between an alleged breach and resulting damages.

Second, Plaintiff's claim for trespass against CMI and Fannie Mae is deficient because it fails to set forth actual facts reflecting an interference with Plaintiff's possession or enjoyment of the Property and fails to state facts that show a causal connection between the alleged trespass and actual, cognizable damages.

Third, Plaintiff's claim for enforcement of a small claims judgment fails because a separate cause of action in Federal District Court is not the proper method to enforce such a judgment.

As such, and as set forth more fully below, this Court should grant Defendants' motion to dismiss in its entirety, with prejudice.

## II.   ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that he borrowed money from First Nationwide Mortgage Corporation, secured by a Deed of Trust, in order to purchase Property. (See Complaint, ¶ 11-12.) According to the Complaint, the loan was then transferred to Fannie Mae, with CMI handling servicing. (See Complaint, ¶ 12.)

Plaintiff alleges that the Property suffered a fire in August 2011 and that proceeds in the amount of $78,142.85 were paid to CMI from Hartford Insurance with instructions to apply this amount to the mortgage lien as payment in full. (See Complaint, ¶ 13.) The Complaint alleges that rather than apply the payment as instructed, CMI placed the payment in a "suspense account." (Id.)

According to the Complaint, CMI doubled Plaintiff's mortgage payments, sent statements indicating that his property tax bill had not been paid (despite the claim that it had been reduced to zero) and failed to credit his payments in the month when they were made. (See Complaint, ¶ 14-15.)

Plaintiff further alleges that CMI entered onto the Property and wrongfully barred his access by changing the locks and boarding the windows prior to "even contemplating a foreclosure, obtaining title or even seeking a writ of possession." (Complaint, ¶ 16.) Plaintiff alleges that CMI was notified of the alleged trespass, that he wanted his credit restored and that the Promissory Note had been paid in full. (See Complaint, ¶ 17.)

Further, Plaintiff alleges that CMI, by and through Safeguard, entered upon Property without permission, and caused injury to the property by changing locks and boarding up the windows. (See Complaint, ¶ 20.)

Plaintiff alleges that a Notice of Default was recorded against the Property on August 8, 2013. (See Complaint, ¶ 18.)

Plaintiff also alleges that he was awarded a small claims judgment against CMI for wrongful foreclosure, allegedly with the instructions from the court that CMI correct hiss credit reporting. (See Complaint, ¶ 19.) He claims that CMI has neither restored his credit nor returned possession of the house. (See Complaint, ¶ 20.)

### III. STANDARD OF REVIEW

Pursuant to FRCP 12(b)(6), "failure to state a claim upon which relief can be granted," is a basis to dismiss a complaint where the moving party can demonstrate beyond doubt that the Plaintiff cannot provide a set of facts in support of his claim which would entitle them to relief, such that this Motion to Dismiss should be granted. (See Puckett v. Park Place Entertainment, Corp., 332 F. Supp. 2d 1349, 1352 (D. Nev. 2004).) The U.S. Supreme Court requires a plaintiff to plead more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" to survive a motion to dismiss. (Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has

1  alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" (Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (*quoting* Fed. R. Civ. P. 8(a)(2)) (citation omitted).)

While the Court should typically take the allegations as alleged in the complaint as true, "Courts do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations." (Puckett, 332 F. Supp. 2d at 1352 (*quoting* Western Mining Counsel v. Watt, 643 F. 2d 618, 624 (9th Cir. 1981).) It has specifically been held that "conclusory allegations of law and unwarranted inferences are insufficient to defend a Motion to Dismiss for failure to state a claim." (In re Stac Electronics Securities Litigation, 89 F.3d 1399, 1403 (9th Cir. 1996) (*quoting* In re VeriFone Securities Litigation, 11 F.3d 865, 868 (9th Cir. 1993).)

Under this pleading standard, the motion to dismiss should be granted.

## IV. PLAINTIFF FAILS TO STATE ANY CLAIM FOR WHICH RELIEF CAN BE GRANTED

### A. Plaintiff's Claim for Breach of Contract Fails

A cause of action for breach of contract requires a pleading of the following: (a) the contract; (b) Plaintiff's performance or excuse for non-performance; (c) Defendant's breach; and (d) damage to Plaintiff. (B.E. Witkin, *California Procedure,* Vol. 4 Pleading §515, pg. 648 (West 5th Ed., 2008.) Further, the facts supporting the elements of a breach of contract should be stated with certainty. (See Poirier v. Gravel, 88 Cal. 79, 82 (1891; Levy v. State Farm Mut. Auto Ins. Co., 150 Cal. App. 4th 1, 5 (2007).)

The first reason Plaintiff's claim for breach of contract fails is that it does not allege facts reflecting the existence of contractual terms he alleges were breached. The Complaint states that Plaintiff secured financing through First Nationwide Mortgage Corporation; the only term explicitly mentioned with respect to the Promissory Note and Deed of Trust is the existence of an attorney's fees and order of application of payments provision. (See Complaint, ¶ 11-12, 25.) Plaintiff has failed to plead facts to support the amount or term of the loan or any allegedly breached terms.

Although Plaintiff claims that Defendants misapplied insurance proceeds, he does not allege any contractual terms from which the alleged misapplication might be inferred. The Complaint purports to quote a section of the Deed of Trust, however, that section does not necessarily require

the application of the alleged insurance proceeds to the principal balance under the circumstances. (See Complaint, ¶ 25.) The Complaint further does not attach a copy of the Note or Deed of Trust from which the court could infer the existence of the contractual terms Plaintiff seeks to invoke. (Otworth v. Southern Pacific Transportation Company, 166 Cal.App.3d 452, 459 (1985)[when a plaintiff asserts a cause of action for breach of a written contract, she must attach a copy of the contract to the complaint or set forth the allegedly breached terms verbatim].) Therefore, Plaintiff has failed to allege the existence of any contract upon which his breach of contract claim might be based.

Further, although Plaintiff has brought his breach of contract claim against CMI and Fannie Mae, he has failed to allege the existence of a contract between himself and either defendant. Without privity of contract with a named defendant, there can be no claim against it. Plaintiff further admits that CMI was only the servicer of the subject loan. (See Complaint, ¶ 12_Moreover, "It is well settled in this state that a party may not split a single cause of action, using the same obligation as the basis of separate suits, and that where this is done the judgment in the first action may be pleaded as a bar to a subsequent suit based on the same fundamental claim which could have been presented in the first action. [Citations.]" (McCaffrey v. Wiley, 103 Cal.App.2d 621, 623 (1951).)

Here, Plaintiff has twice filed suit against CMI based upon breach of contract, both times taking judgment (one of which is referenced as the third count of the suit). The case against CMI which went to judgment in October 2013 was for "further negligence/breach of contract, intentional/reckless conduct" with damages measured as the "costs of improper overcharges." (Request for Judicial Notice.) The claim filed by Plaintiff against CMI in December 2012 is for "breach of contract/negligence," with the damages being measured as the "costs of improper overcharges." (Request for Judicial Notice.) Each of these cases involves the same issues and Property, and therefore, precludes Plaintiff from bringing a breach of contract claim in this case. Notably, Plaintiff alleges that he did not previously bring a small claims action for "breach of contract" against CMI, which is patently incorrect.

Finally, Plaintiff concludes, without any supporting facts, that he suffered damages by way of "increased late fees and arrears, a negative credit rating and severe emotional distress (Complaint, ¶ 27). In addition to the conclusory nature of this purported damages allegation, Plaintiff has not alleged any facts reflecting a causal connection between the alleged damages and any breach by Defendants of an existing contract. Furthermore, damages for emotional distress are not available in breach of contract. (Foley v. Interactive Data Corp. (1988) 47 Cal.3d 654, 683 (1988).) Therefore, Plaintiff has failed to adequately plead damages resulting from any alleged breach of an existing contract by Defendants.

Accordingly, Plaintiff's claim for breach of contract must fail and this Court should dismiss the breach of contract claim with prejudice.

### B. Plaintiff's Cause of Action for Trespass Fails

The elements of a cause of action for trespass are: (1) that Plaintiff controlled the Subject Property; (2) that Defendant intentionally, recklessly, or negligently entered the Subject Property or caused another person to intentionally, recklessly, or negligently enter the Subject Property; (3) that Plaintiff did not give Defendant permission to enter; (4) that Plaintiff was actually harmed; (5) and that Defendants' entry was a substantial factor in causing Plaintiff's harm. (See CACI 2000.)

Moreover, "California's definition of trespass is considerably narrower than its definition of nuisance. ' "A trespass is an invasion of the interest in the exclusive possession of land, as by entry upon it . . . . A nuisance is an interference with the interest in the private use and enjoyment of the land and does not require interference with the possession." ' California has adhered firmly to the view that '[t]he cause of action for trespass is designed to protect possessory—not necessarily ownership—interests in land from unlawful interference.' " (Capogeannis v. Superior Court, 12 Cal.App.4th 668, 674 (1993).)

Here, although Plaintiff alleges that CMI, through Safeguard, entered onto his Property without permission to do so and changed the locks, resulting in damages, he does not allege any facts reflecting the nature or extent of the harm he allegedly suffered due to the entry or that it actually interfered with the possession, use or enjoyment of the Property. He further fails to allege any causal connection between the entry and the conclusory harm being alleged.

6

**MPA ISO OF DEFENDANTS' MOTION TO DISMISS**

1653294.1

Furthermore, "[I]t has long [been] recognized that '[n]ecessity often justifies an action which would otherwise constitute a trespass, as where the act is prompted by the motive of preserving life or property and reasonably appears to the actor to be necessary for that purpose.' " (People v. Ray (1999) 21 Cal.4th 464, 473 [88 Cal.Rptr.2d 1, 981 P.2d 928], internal citations omitted.)

Restatement Second of Torts, section 197 provides:

> (1) One is privileged to enter or remain on land in the possession of another if it is or reasonably appears to be necessary to prevent serious harm to
> (a) the actor, or his land or chattels, or
> (b) the other or a third person, or the land or chattels of either, unless the actor knows or has reason to know that the one for whose benefit he enters is unwilling that he shall take such action.

In the present case, Plaintiff has admitted that a fire occurred on the Property resulting in damage or destruction to the Property. Assuming that CMI had or was the servicer for a party with a security interest in the Property, as Plaintiff alleges, CMI and any of its alleged agents, would have had the right to enter the Property during the relevant timeframe of the trespass out of necessity in order to ensure protect and preserve the security.

Accordingly, Plaintiff's cause of action for trespass fails as to CMI and Safeguard and this Court should dismiss it with prejudice.

### C. Plaintiff's Claim for Enforcement of Small Claims Judgment Fails

Plaintiff's claim for enforcement of a small claims judgment purports to assert a separate claim or cause of action against CMI for enforcement of the October 10, 2013 small claims judgment. (See Complaint, ¶ 34.) Plaintiff claims that CMI was ordered to correct Plaintiff's credit to a "favorable status" (quotes in the original), but has failed to do so. (Id.)

However, "Res judicata ... has a merger aspect. Under that aspect a claim presented and reduced to judgment merges with the judgment and is thereby superseded. [Citation.] The claimant's remedy thereafter is to enforce the judgment; he may not reassert the claim. [Citation.]" (Passanisi v. Merit-McBride Realtors, Inc. 190

Cal.App.3d 1496, 1510 (1987).)

Here, Plaintiff appears to be attempting to assert a separate claim rather than using the proper mechanisms to simply enforce a judgment. Indeed, Plaintiff does not cite any legal authority for the proposition that the relief he is requesting is available as a separate claim in a Federal District Court of unlimited jurisdiction nor are defendants aware of any such authority.

Furthermore, Plaintiff's request for additional damages for "restitution, costs and attorney's fees for the negative credit rating and severe emotional distress" in connection with enforcing the judgment is improper for the same reasons; that a prior judgment is what it is, and that the need to use enforcement mechanisms do not generally result in additional claims for damages.

While Defendants do not seek to educate Plaintiff on the proper means to enforce a judgment, his claim to enforce a small claims judgment appears not only vague but improper. Therefore, this court should dismiss Plaintiff's cause of action for "enforcement of small claims judgment" with prejudice.

## V. CONCLUSION

For the foregoing reasons, the Court should grant Defendants' Motion to Dismiss in its entirety and without leave to amend.

DATED: March 28, 2014                WOLFE & WYMAN LLP

By: /s/ Joshua M. Bryan  SBN 225230
    BRIAN H. GUNN
    JOSHUA M. BRYAN
Attorneys for Defendants
**CITIMORTGAGE, INC.; FANNIE MAE and SAFEGUARD PROPERTIES MANAGEMENT, LLC (erroneously sued as "SAFEGUARD PROPERTIES, INC.").**