UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE MARDIKIAN,<br><br>    Plaintiff,<br><br>    v.<br><br>CITIMORTGAGE, INC., et al,<br><br>    Defendants. | 1:14-CV-00407-LJO-SKO<br><br>**ORDER ON MOTION TO DISMISS**<br>(Doc. 12) |

## INTRODUCTION

Plaintiff George Mardikian ("Mardikian") brings this action for breach of contract, trespass, and specific performance against Defendants Citimortgage, Inc. ("CMI"), Safeguard Properties Management ("Safeguard"), the Federal National Mortgage Association ("Fannie Mae"), and Does 1 through 100 (collectively, "Defendants"). Now before the Court is Defendants' motion to dismiss Mardikian's complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons discussed below, this Court DENIES in part Defendants' motion and ORDERS the parties to submit supplemental briefing.

## BACKGROUND

**A.    Facts**[1]

Mardikian purchased the property at 2417 East El Paso Avenue, Fresno, CA 93720 ("Property") on July 3, 2002 and secured financing by executing a deed of trust and promissory note in favor of First Nationwide Mortgage Corporation in the amount of $101,500.00. The loan was then

---

[1] The background facts are derived from the first amended complaint. The Court accepts the factual allegations as true for purposes of this motion. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

transferred to Fannie Mae, the current beneficiary.  CMI has been the servicer of Mardikian's loan at all relevant times.

In or around August 2011, the Property was destroyed in a fire.  Mardikian immediately filed a claim with Hartford Insurance Company ("Hartford), who insured the Property, and notified CMI of the fire.

The deed of trust on the Property provides, in relevant part, that, in the event of a loss covered by insurance, "[i]f the restoration is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to the Borrower."  (Compl. ¶ 25).  The deed of trust further provides that such insurance proceeds would be applied in the following order of priority: "a) interest due under the Note; b) principal due under the Note; c) amounts due under [another section of the deed of trust]." *Id*.

Mardikian alleges that CMI, on behalf of Fannie Mae, and Mardikian agreed that it was not economically feasible for the Property to be rebuilt.  Therefore, the insurance proceeds would be used to pay off monies Mardikian owed under the deed of trust.  Mardikian alleges that he owed approximately $75,000 under the deed of trust at the time of the fire.

On January 20, 2012, Hartford issued a payment in the amount of $78,142.85 to CMI with the instruction that the insurance proceeds be applied to any outstanding funds secured by the Deed of Trust.  Mardikian alleges that the payment issued by Hartford was sufficient to fully pay off the deed of trust.

In January 2012, CMI sent Mardikian a statement indicating that he still owed monthly mortgage payments, and that his monthly payments had increased from $633.34 to $1,022.19 per month.  Mardikian was shocked to receive the statement and contacted CMI.  CMI told Mardikian that it had been instructed by Fannie Mae to place all of the insurance proceeds in a suspense account instead of applying them to Mardikian's loan.  Mardikian informed CMI that this was not correct and CMI told Mardikian that it would work with Fannie Mae to resolve the issue.

In the meantime, Mardikian continued to make his monthly mortgage payment to CMI with the understanding that, once the insurance proceeds were applied to his loan, Mardikian would receive any

2

funds in excess of that owed under the deed of trust.

In March 2013, when Mardikian was still making monthly mortgage payments to CMI and awaiting confirmation from CMI and Fannie Mae that this loan was paid off by the insurance proceeds, Mardikian was shocked to discover that Safeguard had changed the locks on the doors of the Property and boarded up the windows of the Property at the direction of CMI.  Mardikian argues that, at the time CMI and Safeguard entered the Property, they had no interest in the Property because the deed of trust should have been paid off in full.  Mardikian alleges that CMI and Safeguard took these actions prior to contemplating foreclosure, obtaining title, or even seeking a writ of possession.

Between March 2013 and August 2013, Mardikian sent multiple letters to CMI informing them that Mardikian's mortgage was paid off in full, requesting that his credit be restored, and indicating that no entities had any right to enter his Property without his permission.  The letters also requested that the entities involved resolve the issued caused by their conduct.

On August 8, 2013, Fannie Mae caused to be recorded a notice of default against the Property.

On October 10, 2013, Mardikian was awarded a judgment of specific performance against CMI in San Mateo Superior Court, Small Claims Division for CMI's attempted foreclosure which orders CMI to correct Mardikian's credit.  To date, CMI has not taken any steps to correct Mardikian's credit.

**B.   Procedural History**

On February 18, 2014, Mardikian brought an action against Defendants for breach of contract, trespass, and enforcement of small claims judgment in Fresno County Superior Court.  On March 21, 2014, Defendants removed the action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.

On April 17, 2014, Mardikian filed a first amended complaint for breach of contract, trespass, and specific performance against Defendants.

Defendants filed the instant motion to dismiss Mardikian's first amended complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) on May 1, 2014.  Mardikian filed an opposition on June 10, 2014, and Defendants filed a reply on June 17, 2014.

**DISCUSSION**

**Motion to Dismiss**

**A.  12(b)(6) Failure to State a Claim**

    **1.  Legal Standard**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. A dismissal under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). "On a motion to dismiss for failure to state a claim, the court must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987) (citing *Western Reserve Oil & Gas Co. v. New*, 765 F.2d 1428, 1430 (9th Cir.1985); *Sprewell*, 266 F.3d at 988.

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility for entitlement to relief" *Id*. (citing *Twombly*, 550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Thus, "bare assertions ... amount[ing] to nothing more than a formulaic recitation of the elements ... are not entitled to be assumed true." *Iqbal*, 129 S.Ct. at 1951. A court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 764, 767 (8th Cir. 2003) (citation omitted).

Moreover, a court "will dismiss any claim that, even when construed in the light most

favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D.Cal. 1998). In practice, "a complaint ... must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

To the extent that the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

**2.   Analysis**

**i.   Breach of Contract**

In his first cause of action, Mardikian alleges that Defendants CMI and Fannie Mae breached Covenant 5 and Covenant 20 of the deed of trust.

**1.   Sufficiency of Pleading**

In California, "[a] cause of action for damages for breach of contract is comprised of the following elements: (1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1388 (Cal. Ct. App. 1990) (internal citations omitted).

Here, Mardikian alleges that the deed of trust was the contract between the parties.

CMI and Fannie Mae argue the Mardikian failed to allege sufficiently that he remained current on his monthly mortgage payments. Mardikian alleges that, after receiving the mortgage statement from CMI in January 2012, he continued to make his monthly mortgage payments to CMI, that he was still making his mortgage payments when he discovered that CMI and Safeguard boarded up and changed the locks on his property in March 2013, and that CMI did so "under the mistaken belief that Plaintiff was behind in his mortgage payments." (Compl. ¶¶ 16- 17, 30). Accepting Mardikian's allegations as true and drawing all reasonable inferences in his favor, Mardikian sufficiently alleges his performance under the contract. *Usher*, 828 F.2d at 561; *Sprewell*, 266 F.3d at 988.

CMI and Fannie Mae further argue that Mardikian insufficiently alleges that they breached

the contract. Specifically, CMI and Fannie Mae contend that "Plaintiff's allegation that he and Citi/Fannie Mae determined that repair of the Property was 'not economically feasible'" is entirely conclusory" because "Plaintiff does not allege any actual facts that reflect why it would not have been economically feasible to repair the Property or that Citi and Plaintiff agreed that it would not." (Doc. 12 p. 5). Defendants misinterpret Mardikian's allegations. Mardikian did not allege, as Defendants appear to argue, that rebuilding the Property was "not economically feasible" within the meaning of Covenant 5 of the deed of trust. Instead, Mardikian alleges that "CITIMORTGAGE, on behalf of FANNIE MAE, and Plaintiff agreed that it was not economically feasible for the property to be rebuild(sic)[.]" (Compl. ¶ 13). This is an allegation of fact that the Court accepts as true in construing a motion to dismiss for failure to state a claim. *Usher*, 828 F.2d at 561; *Sprewell*, 266 F.3d at 988. Thus, accepting as true that the parties agreed rebuilding the Property was not economically feasible, Covenant 5 of the deed of trust requires the insurance proceeds to be applied to the mortgage loan. (Compl. p. 25). It is undisputed that CMI and Fannie Mae failed to apply the insurance payment from Hartford to Mardikian's mortgage loan and that they instead held the sum in a suspense account. Therefore, Mardikian sufficiently alleges that CMI and Fannie Mae breached Covenant 5 of the deed of trust.

In addition, Covenant 23 requires Defendants to request that the Trustee reconvey the Property to Mardikian after all sums secured by the deed of trust have been paid. (Compl. ¶ 26). Mardikian alleges that, at the time of the fire, he owed Fannie Mae approximately $75,000 under the deed of trust, and that the $78,142.85 insurance payment from Hartford was sufficient to pay off fully the amount he owed under the deed of trust. (Compl. ¶¶ 13-14, 26). Mardikian alleges, and CMI and Fannie Mae do not dispute, that CMI and Fannie Mae did not request the Trustee to reconvey the Property to Mardikian after receiving the payment from Hartford. Therefore, Mardikian sufficiently alleges that CMI and Fannie Mae breached Covenant 23 of the deed of trust.

Finally, Mardikian alleges that, as a result of CMI and Fannie Mae's conduct, he suffered damages including increased late fees and arrears and a negative credit rating. (Compl. ¶¶ 25-26). CMI and Fannie Mae argue that Mardikian fails to allege "any facts reflecting a causal connection between the alleged damages and any breach by Defendants of any existing contract." In California,

"[c]ausation of damages in contract cases, as in tort cases, requires that the damages be proximately caused by the defendant's breach, and that their causal occurrence be at least reasonably certain." *Vu v. California Commerce Club, Inc.*, 58 Cal.App.4th 229, 233 (Cal. Ct. App. 1997). "The test for causation in a breach of contract (or promissory estoppel) action is whether the breach was a substantial factor in causing the damages." *US Ecology, Inc. v. State*, 129 Cal.App.4th 887, 909 (Cal. Ct. App. 2005) (citing *Bruckman v. Parliament Escrow Corp.*, 190 Cal.App.3d 1051, 1063-1064, (Cal. Ct. App. 1987)). "The term 'substantial factor' has no precise definition, but 'it seems to be something which is more than a slight, trivial, negligible, or theoretical factor in producing a particular result." *Id.* (quoting *Espinosa v. Little Co. of Mary Hospital*, 31 Cal.App.4th 1304, 1314 (Cal. Ct. App. 1995)). Here, Mardikian alleges that CMI and Fannie Mae breached the deed of trust by failing to apply the insurance proceeds from Hartford to Mardikian's mortgage loan, and that, as a result, Mardikian was subject to increased late fees and arrears on his mortgage loan. (Compl. ¶ 25). These allegations show that CMI and Fannie Mae's conduct was a "substantial factor" in the damages to Mardikian. *US Ecology, Inc.*, 129 Cal.App.4th at 909. Mardikian further alleges that CMI and Fannie Mae breached the deed of trust by failing to request the Trustee to reconvey the Property to Mardikian after the deed of trust should have been paid off fully by the insurance proceeds, and resulted in Fannie Mae's wrongful attempt to foreclose on Mardikian's Property which negatively affected Mardikian's credit. (Compl. ¶¶ 19, 26). Again, these allegations show that CMI and Fannie Mae's conduct in breaching the deed of trust was a "substantial factor" in the resulting damages to Mardikian. *US Ecology, Inc.*, 129 Cal.App.4th at 909.

Therefore, Mardikian alleges sufficient facts to show each element of a cause of action for breach of contract. *Careau & Co.*, 222 Cal. App. 3d at 1388.

### 2. Res Judicata

CMI and Fannie Mae also argue that Mardikian's breach of contract claim is barred by the doctrine of res judicata because of two previous lawsuits Mardikian has filed against CMI in which Mardikian has been awarded judgments.

On February 7, 2013, Mardikian was awarded a principal judgment of $3,442.25 against CMI for "improper overcharges" on claims for "breach of contract/negligence" that occurred on

7

1  August 21, 2012 in San Mateo Superior Court, Small Claims Division. (Doc. 12 Attach. 2).

2  On October 10, 2013, Mardikian was awarded a principal judgment of $10,000.00 against
3  CMI for "improper overcharges" on claims for "further negligence/breach of contract,
4  intentional/reckless conduct" that occurred between December 2012 and August 2013 in San Mateo
5  Superior Court, Small Claims Division. *Id*.

6  Based on this, CMI and Fannie Mae argue that "[e]ach of these cases involves the same
7  issues and Property, and, therefore, precludes Plaintiff from bringing a breach of contract claim in this
8  case." (Doc. 12 p. 6). Mardikian contends that res judicata does not apply because "in the present
9  case, Plaintiff is suing for breaches that occurred in August 2011, when Defendants obtained the fire
10 insurance proceeds." (Doc. 13 p. 7). However, Mardikian's complaint alleges that Hartford issued an
11 insurance payment to CMI on January 20, 2012. (Compl. ¶ 14).

12 Mardikian also argues that preclusion does not apply to his breach of contract claim against
13 Fannie Mae because Fannie Mae was not party to any of the previous litigations. (Doc. 13 p. 7). CMI
14 and Fannie Mae assert that Mardikian cannot bring a claim against Fannie Mae because Mardikian
15 "would have no greater right of recovery against Fannie, as an alleged beneficiary than he would
16 against its servicer." (Doc. 15 p. 3). CMI and Fannie Mae cite to no authorities and offer no
17 explanation or discussion for this assertion. *Id*.

18 In addition, Mardikian further alleges that he obtained a judgment for specific performance
19 against CMI to correct Mardikian's credit on October 10, 2013 in San Mateo Superior Court, Small
20 Claims Division.

21 The parties' allegations and arguments as to res judicata are piecemeal, undeveloped, and
22 self-conflicting at times, lack support, and fail to provide this Court with sufficient information to
23 make a finding as to whether or to what extent res judicata applies to bar Mardikian's first cause of
24 action for breach of contract against either CMI or Fannie Mae. The parties are therefore ORDERED
25 to submit additional briefing as to this issue. Specifically, the parties are to address what previous
26 litigation has occurred between the parties relevant to this claim, what claims were litigated, the bases
27 of those claims, the outcome of litigation, and how that litigation and its outcome affect Mardikian's
28 ability to bring his current breach of action claim against CMI and Fannie Mae under the doctrine of

res judicata.

### ii. Trespass

#### 1. Sufficiency of Pleading

In his second cause of action, Mardikian alleges that CMI and Safeguard trespassed on the Property when they boarded up the windows and changed the locks on the doors of the Property.

"Under California law, 'a trespass is an invasion of the interest in the exclusive possession of land, as by entry upon it.'" *Gregory Vill. Partners, L.P. v. Chevron U.S.A., Inc.*, 805 F. Supp. 2d 888, 902 (N.D. Cal. 2011) (quoting *Wilson v. Interlake Steel Co.*, 32 Cal.3d 229, 233 (1982)). "The cause of action for trespass is designed to protect possessory —not necessarily ownership—interests in land from unlawful interference." *Smith v. Cap Concrete, Inc.*, 133 Cal. App. 3d 769, 774 (Cal. Ct. App. 1982) (citing *Allen v. McMillion*, 82 Cal.App.3d 211, 218 (1978); *Shusett, Inc. v. Home Sav. & Loan Assn.*, 231 Cal.App.2d 146, 150 (1964); *Brenner v. Haley*, 185 Cal.App.2d 183, 187 (1960); Prosser, Law of Torts, (4th ed.) § 13, p. 68.). "An action for trespass may technically be maintained only by one whose right to possession has been violated; however, an out-of-possession property owner may recover for an injury to the land by a trespasser which damages the ownership interest." *Id*. (internal citations omitted). The court in *Smith* sets forth the following distinction between a suit to protect an ownership interest and a suit to protect possessory interests:

> [T]he inquiry in a case involving unlawful intrusion on property rights should focus upon the nature of the injury and the damages sought: If the right to possession has been abridged and possessory rights damaged, the possessor may complain by way of an action for trespass; if, on the other hand, an intruder harms real property in a manner which damages the ownership interest, the property owner may seek recovery whether the cause of action be technically labeled trespass or some other form of action, such as waste.

*Id*. at 775; *see also*, *Dieterich Internat. Truck Sales, Inc. v. J. S. & J. Servs., Inc.*, 3 Cal. App. 4th 1601, 1610 (Cal. Ct. App. 1992) (adopting and applying the distinction set forth in *Smith*).

Here, Mardikian alleges that CMI and Safeguard's unlawful trespass onto the Property injured Mardikian in that "Plaintiff has been unable to enter his property to begin making repairs and therefore has been unable to bring the property to rentable condition, thus losing potential rental income, and has been unable to bring the property to marketable condition, resulting in Plaintiff not

being able to sell his property at a time when the property market is skyrocketing." (Compl. ¶ 31). In addition, Mardikian alleges no facts to show that he was in actual possession of the Property at the time of CMI and Safeguard's entry. Thus Mardikian appears to allege an action in waste against CMI and Safeguard for damages to his ownership interest rather than an action in traditional trespass for damages to his possessory interest. *Smith*, 133 Cal. App. 3d at 775.

"'To constitute waste, there must be an injury to the inheritance.'" *Id*. (quoting *Hardie v. Chew Fish Yuen*, 258 Cal.App.2d 301, 304 (Cal. Ct. App. 1968)); *see also*, Cal. Civ. Code § 826. "'Injury to the inheritance, which under the common law would be termed 'waste' can only be proved, with the possible exception of a few instances, by evidence of acts which injuriously affect the market value of the property.'" *Id*. at 775-76 (quoting *Eastman v. Peterson*, 268 Cal.App.2d 169, 175 (Cal. Ct. App. 1968); *Sallee v. Daneri*, 49 Cal.App.2d 324, 327, 121 (Cal. Ct. App. 1942)). "While loss of market value is the ultimate test, it is a measure which will be applied flexibly, having in mind the 'quantity and quality of the estate, the nature and species of property, and the relation of it to the person charged to have committed the wrong.'" *Id*. at 777 (citing *Richards v. Silveria* 97 Cal.App. 166, 167, 170 (Cal. Ct. App. 1929)) (quoting *Southern Pacific Land Co. v. Kiggins*, 110 Cal.App. 56, 61 (Cal. Ct. App. 1930)). "[S]tatutes and common law envision waste primarily as an action by an out-of-possession owner against an offending party in possession." *Id*. at 776 (citing Cal. Civ. Code, § 818, 840; Cal. Code Civ. Proc., § 732; Witkin, Summary of Cal. Law, vol. 3, Real Property, § 327, p. 2032) (internal emphasis omitted).

Here, Mardikian's allegations allow the Court to draw the reasonable inference that CMI and Safeguard's conduct caused harm to Mardikian's ownership interests in the Property. The alleged facts establish that CMI and Safeguard boarded the windows and changed the locks on the doors of the Property without notifying or obtaining the permission of Mardikian, and that, as a result, Mardikian was unable to make repairs to the property to render it marketable either as a rental property or for sale. (Compl. ¶ 31). Therefore, CMI and Safeguard, the parties in actual possession of the property, engaged in conduct that injuriously affected the market value of the Property as required in an action for waste. *Smith*, 133 Cal. App. 3d at 775-76 (internal quotations and citations omitted).

"Whether viewed as an action for trespass or waste," Mardikian sufficiently alleges CMI and

Safeguard's "unauthorized interference with [his] ownership rights." *Id*. at 778.  Defendants' motion to dismiss Mardikian's second cause of action for insufficient pleadings is DENIED.

### 2. Res Judicata

As a general matter, a court may, *sua sponte*, dismiss a case on preclusion grounds where the records of that court show that a previous action covering the same subject matter and parties had been resolved.  *Headwaters Inc. v. U.S. Forest Serv*., 399 F.3d 1047, 1054-55 (9th Cir. 2005) (quoting *Evarts v. W. Metal Finishing Co*., 253 F.2d 637, 639 n. 1 (9th Cir. 1958)).  The Ninth Circuit cautioned against taking such a course of action "where the parties were not given any opportunity to be heard on the issue." *Id*. at 1055.

Here, the record before the Court indicates that Mardikian previously was awarded a principal judgment of $10,000.00 against CMI for claims including "intentional/reckless conduct" that occurred between December 2012 and August 2013 in San Mateo Superior Court.  (Doc. 12 Attach. 2). The alleged waste by CMI and Safeguard occurred in or around March 2013 and may have continued until August 2013.  (Compl. ¶ 30).  It is unclear whether or to what extent the "intentional/reckless conduct" claim previously litigated between Mardikian and CMI overlaps with Mardikian's current claim for waste against CMI and Safeguard.

Therefore, the parties are ORDERED to submit supplement briefing to address the previous "intentional/reckless conduct" claim between Mardikian and CMI, the judgment on that claim, and how that claim and its outcome affect Mardikian's ability to bring his second cause of action against CMI and Safeguard.

### iii. Specific Performance

In his third cause of action, Mardikian seeks to enforce the October 10, 2013 San Mateo Superior Court judgment against CMI to correct Mardikian's credit to favorable status.

The judgment of a state court is entitled to full faith and credit under Article IV, Section 1 of the United States Constitution and by 28 U.S.C. § 1738.  "The most direct consequence of applying the full faith and credit statute is that a federal court must enforce a state court judgment when an action is brought for that purpose." Wright, Miller & Cooper, Federal Practice and Procedure, § 4469 at 668 (1981) (footnote omitted).  Here, Mardikian is seeking enforcement of the state court judgment against

1    CMI. "Several federal courts, adhering to 28 U.S.C. § 1738, have adjudicated actions seeking
2    enforcement of a state court judgment.." *Berke v. Northcutt*, 798 F.2d 468 (6th Cir. 1986) (citing
3    *Southern Jam, Inc. v. Robinson*, 675 F.2d 94, 97-98 (5th Cir. 1982); *Hazen Research, Inc. v. Omega*
4    *Minerals, Inc.*, 497 F.2d 151, 153 (5th Cir. 1974) ("Under the compulsion of this statute [section 1738]
5    federal courts are required to give full effect to the final judgments of state courts, subject only to
6    narrowly circumscribed avenues of collateral attack."); *Midessa Television Co. v. Motion Pictures For*
7    *Television, Inc.*, 290 F.2d 203, 204 (5th Cir. 1961) (the general rule is that "in a suit on a judgment of a
8    court of one of the states, full faith and credit requires the enforcement of the judgment unless it is
9    shown that the judgment was entered without jurisdiction."); *First of Denver Mortgage Investors v.*
10   *Riggs*, 564 F.Supp. 1513, 1514 (D. Colo. 1983); *Holcomb v. Holcomb*, 413 F.Supp. 402, 404 (N.D.
11   Okla. 1975); *Valley Bank of Nevada v. Skeen*, 366 F.Supp. 95 (N.D. Tex. 1973), aff'd, 495 F.2d 1371
12   (5th Cir.1974); *Stephenson v. Duriron Co.*, 292 F.Supp. 66, 80 (S.D. Ohio 1968), aff'd, 428 F.2d 387
13   (6th Cir. 1970)).  "Further, it has not been considered a bar to such an action that the federal district
14   court in which enforcement is sought sits in the same state in whose courts the judgment in issue was
15   rendered." *Id*. (citing *North Carolina National Bank v. Marden*, 561 F.Supp. 698 (W.D.N.C. 1983)).
16           CMI argues that the doctrine of res judicata bars Mardikian's third cause of action against it.
17   "Under 28 U.S.C. § 1738, federal courts are required to give state court judgments the preclusive
18   effects they would be given by another court of that state." *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th
19   Cir. 2009) (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 84 (1984), *Maldonado v.*
20   *Harris*, 370 F.3d 945, 951 (9th Cir. 2004)).  CMI argues that "Plaintiff appears to be attempting to
21   assert a separate claim which he has already asserted[.]" (Doc. 12 p. 8).  CMI misinterprets
22   Mardikian's claim.  Mardikian does not seek to re-litigate the merits of the claim resolved by the San
23   Mateo Superior Court, as would be barred by res judicata.  Rather, Mardikian alleges that CMI has
24   failed to comply with the judgment of the state court and brings this claim to seek enforcement of the
25   prior judgment. (Compl. ¶ 34).  Under the full faith and credit doctrine, not only is such a claim
26   cognizable, but also "a federal court must enforce a state court judgment when an action is brought for
27   that purpose." Wright, Miller & Cooper, Federal Practice and Procedure, *supra*.
28           Therefore, Defendants' motion to dismiss Mardikian's third of action for failure to state a

claim on the basis of res judicata is DENIED.

**CONCLUSION AND ORDER**

For the reasons discussed above, the Court:

1. DENIES Defendants Citimortgage, Inc., Safeguard Properties Management, and the Federal National Mortgage Association's motion to dismiss Plaintiff George Mardikian's first cause of action for breach of contract and second cause of action for trespass on the basis of insufficient pleadings pursuant to Fed. R. Civ. P. 12(b)(6);

2. DENIES Defendants' motion to dismiss Plaintiff's third cause of action on the basis of res judicata pursuant to Fed. R. Civ. P. 12(b)(6); and

3. ORDERS the parties to submit supplemental briefing on the applicability of res judicata to Plaintiff's first and second causes of action as described therein. The supplemental briefing shall not exceed 10 pages in length and shall be filed by no later than July 28, 2014.

IT IS SO ORDERED.

Dated:  **July 21, 2014**              /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE