UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE MARDIKIAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITIMORTGAGE, INC., et al,<br><br>　　　　　Defendants. | 1:14-CV-00407-LJO-SKO<br><br>**ORDER ON MOTION TO DISMISS**<br>(Doc. 12) |

## INTRODUCTION

Plaintiff George Mardikian ("Mardikian") brings this action for breach of contract, trespass, and specific performance against Defendants Citimortgage, Inc. ("CMI"), Safeguard Properties Management ("Safeguard"), the Federal National Mortgage Association ("Fannie Mae"), and Does 1 through 100 (collectively, "Defendants"). This Court previously denied Defendants' motion to dismiss Mardikian's amended complaint on the basis of insufficiency of pleading pursuant to Fed. R. Civ. P. 12(b)(6) and ordered the parties to submit supplemental briefing on the issue of *res judicata*. For the reasons discussed below, this Court DISMISSES WITH PREJUDICE Mardikian's first and second causes of action on the basis of *res judicata*, DENIES Mardikian's request for leave to amend his complaint, and DISMISSES WITH PREJUDICE Mardikian's third cause of action on the basis of mootness.

## BACKGROUND

**A.  Facts**[1]

The background facts and procedural history of this case are set forth in full in this Court's July 21, 2014 Order.  (Doc. 17).

---

[1] The background facts are derived from the first amended complaint. The Court accepts the factual allegations as true for purposes of a motion to dismiss. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

1

Briefly, Mardikian purchased the property at 2417 East El Paso Avenue, Fresno, CA 93720 ("Property") on July 3, 2002 and secured financing by executing a deed of trust and promissory note in favor of First Nationwide Mortgage Corporation. The loan was then transferred to Fannie Mae, the current beneficiary. CMI has been the servicer of Mardikian's loan at all relevant times.

After the Property was destroyed in a fire in August 2011, insurer Hartford Insurance Company ("Hartford") issued a payment in the amount of $78,142.85 to CMI with the instruction that the insurance proceeds be applied to any outstanding funds secured by the Deed of Trust.

Defendants did not apply Hartford's payment to Mardikian's loan, and, instead, continued to collect monthly mortgage payments from Mardikian. Safeguard, at the instruction of CMI, changed the locks and boarded up the windows of the Property. Fannie Mae also caused to be recorded a notice of default against the Property.

On July 21, 2014, this Court denied Defendants' motion to dismiss Mardikian's amended complaint on the basis of insufficiency of pleading pursuant to Fed. R. Civ. P. 12(b)(6) and ordered the parties to submit supplemental briefing on the issue of *res judicata*. Each party timely submitted supplemental briefing on July 28, 2014.

**B.   Prior State Litigations**

Mardikian previously brought two actions in state court against Defendant CMI.

On December 13, 2012, Mardikian filed suit against CMI in San Mateo County Superior Court, Small Claims Division for "breach of contract/negligence" and 'improper overcharges" on the grounds that Mardikian should be considered current on his loan because the Hartford insurance proceeds should be applied to pay off the balance of his loan. (Doc. 18 p. 2). A judgment awarding Mardikian $3,442.25 in damages was entered on February 7, 2013.

On August 9, 2013, after Defendants allegedly changed the locks on the Property and caused the Property to enter default, Mardikian again brought suit against CMI in the same court seeking damages for "improper overcharges" on claims for "further negligence/breach of contract, intentional/reckless conduct." Mardikian again claimed that the Hartford insurance proceeds had not been credited to his loan account to properly pay off the balance, that his credit had been damaged as a result, and that his credit should be corrected. On October 10, 2013, a judgment of $10,000.00 was

2

entered in favor of Mardikian against CMI for CMI's "reckless[ness] in their banking procedures, specifically in their handling of this matter." (Doc. 20 Exh. A). "Damages are also awarded due to their proceeding with a foreclosure when, at that time, they had in their possession more than sufficient funds to cover the loan balance." *Id*. The Small Claims Division judgment further ordered CMI to correct Mardikian's credit reports to favorable status. *Id*.

## DISCUSSION

### A. *Res Judicata* Legal Standard

"The doctrine of *res judicata* includes two distinct types of preclusion, claim preclusion and issue preclusion." *Robi v. Five Platters, Inc*., 838 F.2d 318, 321 (9th Cir. 1988). "Claim preclusion 'treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same claim or cause of action.'" *Id*. (quoting *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 535 (5th Cir. 1978)). "Claim preclusion 'prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'" *Id*. at 322 (quoting *Americana Fabrics, Inc. v. L & L Textiles, Inc*., 754 F.2d 1524, 1529 (9th Cir. 1985); *Brown v. Felsen*, 442 U.S. 127, 131 (1979)). "The doctrine of issue preclusion prevents relitigation of all 'issues of fact or law that were actually litigated and necessarily decided' in a prior proceeding." *Id*. (quoting *Segal v. American Tel. & Tel. Co*., 606 F.2d 842, 845 (9th Cir. 1979)).

### B. Analysis

#### 1. Markidian's Breach of Contract Claim

In his first cause of action, Mardikian alleges that Defendants CMI and Fannie Mae breached Covenant 5 and Covenant 23 of the deed of trust. Covenant 5 of the deed of trust requires the insurance proceeds to be applied to the mortgage loan. (Compl. p. 25). Defendants' failure to apply Hartford's insurance payment to Mardikian's loan appeared to have been the subject of both of the prior state court litigations. Covenant 23 requires Defendants to request that the Trustee reconvey the Property to Mardikian after all sums secured by the deed of trust have been paid. (Compl. ¶ 26). The Small Claims Division noted that the October 10, 2013 judgment awarding damages to Mardikian was for CMI's conduct when CMI had in its possession more than sufficient funds to cover the balance of

Mardikian's loan. (Doc. 20 Exh. A). Moreover, the failure to re-convey the Property to Mardikian is a ground for relief that was "previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Robi*, 838 F.2d at 322 (internal quotations and citations omitted).

Defendants argue in their supplemental brief that Mardikian's first cause of action is barred by both claim preclusion and issue preclusion. (Doc. 18). In his supplemental brief, Mardikian does not argue that his first cause of action survives *res judicata*. (Doc. 19). Rather, he concedes that his claim for breach of contract against Defendants may be dismissable under the doctrine of *res judicata* and seeks leave to amend his complaint. (Doc. 19 p. 1).

Accordingly, Mardikian's first cause of action is DISMISSED WITH PREJUDICE on the basis of issue preclusion and claim preclusion.

### 2. Markidian's Trespass Claim and Proposed Amendment to Breach of Contract Claim

In Mardikian's second cause of action, he alleges that CMI and Safeguard trespassed on the Property when they boarded up the windows and changed the locks on the doors of the Property.

As to his first cause of action, Mardikian requests leave to amend to allege that Defendants breached Covenant 9 of the deed of trust instead of Covenant 5 or Covenant 23. Covenant 9 allows Defendants to "do and pay for whatever is reasonable or appropriate to protect the Lender's interest in the Property and the rights under this Security Instrument, including protecting and/or assessing the value of the property, and securing and/or repairing the property." *Id.*. Mardikian seeks leave to amend this first cause of action to allege that Defendants' entrance onto the Property and changing the locks of the Property were not reasonable under Section 9 of the deed of trust. *Id*. at pp. 1-2. Mardikian recognizes that his proposed further amended first cause of action would be "based on substantially the same facts as in Plaintiff's trespass claim." (Doc. 19 p. 2).

As discussed above, "[c]laim preclusion prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Robi*, 838 F.2d at 322 (internal quotations and citations omitted). CMI and Safeguard engaged in the alleged conduct in or around March 2013. (Compl. ¶ 17).

Mardikian brought his second state court lawsuit against CMI on August 9, 2013. Therefore, regardless of whether Mardikian had asserted it, the alleged trespass is a ground for recovery that was previously available to Mardikian in the second state court litigation. *Robi*, 838 F.2d at 322; *see*, *Grubb v. Public Utilities Commission*, 281 U.S. 470, 479 (1930) ("As the ground just described was available but not put forward the appellant must abide the rule that a judgment upon the merits in one suit is res judicata in another where the parties and subject-matter are the same, not only as respects matters actually presented to sustain or defeat the right asserted, but also as respects any other available matter which might have been presented to that end.").

Accordingly, Mardikian's second cause of action for trespass is DISMISSED WITH PREJUDICE and Mardikian's request for leave to amend his first cause of action is DENIED on the basis of claim preclusion.

### C. Mootness Legal Standard

"The jurisdiction of federal courts depends on the existence of a 'case or controversy' under Article III of the Constitution." *GTE California, Inc. v. Federal Communications Comm'n*, 39 F.3d 940, 945 (9th Cir. 1994). "In general a case becomes moot 'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (quoting *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980)). "The court must be able to grant effective relief, or it lacks jurisdiction and must dismiss the appeal." *GTE California*, 39 F.3d at 945 (citing *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983); *see also*, *Enrico's, Inc. v. Rice*, 730 F.2d 1250, 1254 (9th Cir. 1984) ("Where events have occurred that prevent us from granting effective relief, we lack jurisdiction and must dismiss the appeal."). "Because mootness is an element of justiciability and raises a question as to our jurisdiction, we consider the matter *sua sponte*." *Aguirre v. S.S. Sohio Intrepid*, 801 F.2d 1185, 1189 (9th Cir. 1986) (citing *Canez v. Guerrero*, 707 F.2d 443, 446 (9th Cir. 1983)).

#### 1. Mardikian's Specific Performance Claim

The San Mateo Superior Court in its October 10, 2013 judgment ordered CMI to correct Mardikian's credit reports to favorable status. (Doc. 20 Exh. A). In his third cause of action, Mardikian seeks specific performance to enforce this portion of the court's judgment.

The Court takes judicial notice of CMI's January 8, 2014 letter to Mardikian submitted by Defendants in their supplemental briefing. (Doc. 18 Attach. 2 Exh. 3). *See*, Fed. R. Evid. 201. The letter states that CMI has submitted corrections electronically to its subscribing credit reporting agencies, Equifax, Experian, Trans Union, and Innovis. *Id*. It further states that CMI has informed these agencies to correct any derogative information associated with Mardikian's payment history, and to report Mardikian's loan as paid in full, effective December, 2012. *Id*. This letter was sent to Mardikian before Mardikian filed his initial complaint in this case on February 18, 2014. (Doc. 1).

In light of this, this Court cannot grant effective relief and therefore lacks jurisdiction as to Mardikian's third cause of action. *GTE California*, 39 F.3d at 945; *Enrico's, Inc.*, 730 F.2d at 1254. Accordingly, Mardikian's third cause of action is DISMISSED WITH PREJUDICE.

**CONCLUSION AND ORDER**

For the reasons discussed above, the Court

1. DISMISSES WITH PREJUDICE Plaintiff George Mardikian's first cause of action for breach of contract and second cause of action for trespass on the basis of *res judicata* pursuant to Fed. R. Civ. P. 12(b)(6);

2. DENIES Mardikian's request for leave to amend his complaint;

3. DISMISSES WITH PREJUDICE Mardikian's third cause of action for specific performance on the basis of mootness; and

4. ORDERS the Clerk of Court to enter judgment in favor of Defendants Citimortgage, Inc., Safeguard Properties Management, and the Federal National Mortgage Association and against Plaintiff George Mardikian and to close this case.

IT IS SO ORDERED.

Dated: **August 27, 2014**          /s/ Lawrence J. O'Neill
                                   UNITED STATES DISTRICT JUDGE

5.